47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SHELL OIL COMPANY, Plaintiff-Counter-Defendant/Appellee,
v.
SILICON VALLEY BANK, Defendant-Counter-Claimant/Appellant.
SHELL OIL COMPANY, Plaintiff-Counter-Defendant/Appellee,
v.
SILICON VALLEY BANK,
Defendant-Counter-Claimant/Cross-Claimant-Appellee,
v.
LAW OFFICES OF JOSEPH DICIUCCIO, Counter-Defendant-Appellant.
 Nos. 92-16196, 93-16548.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1994.
Decided Feb. 24, 1995.
 
 Before: POOLE, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Silicon Valley Bank appeals the district court's grant of summary judgment in favor of Shell Oil Company in Shell's declaratory judgment claim against the Bank (92-16196). The Law Offices of Joseph Diciuccio appeals the denial of its motion for summary judgment in the Bank's cross-claim against the Law Offices (93-16548). At issue in 92-16196 is whether a principal's ratification of an agent's settlement of a claim exonerates the third party from further liability to the principal. At issue in 93-16548 is whether ratification exonerates the agent from liability to the principal. We affirm.
 
 
 3
 A. Shell's Summary Judgment.
 
 
 4
 In its complaint, Shell won a declaratory judgment that it had discharged its obligations to the Bank, and that the Bank had no rights against Shell. Shell had discharged its liability by delivering the settlement draft to the Reuters' attorney. The gist of the Bank's claims was that Shell should have protected its interest in the settlement money, because Shell knew of the Reuters' assignment to the Bank.
 
 
 5
 The district court's decision was correct, because it was compelled by a decision of the California Supreme Court, Navrides v. Zurich Ins. Co., 97 Cal.Rptr. 309 (1971).
 
 
 6
 The Bank argues that the Reuters' lawyer should not be treated as its agent, because the Bank never hired him or cloaked him with implied or apparent authority. But that does not matter under Navrides. They ratified his agency by suing for the money he negotiated as a settlement with Shell.
 
 
 7
 The Bank argues that the ratification was involuntary, to minimize losses caused by the agent's wrongful act, so it should be relieved from any implication of ratification by Rakestraw v. Rodrigues, 104 Cal.Rptr. 57 (1972). Even assuming, for purposes of discussion, that the factual premise of this argument is correct, that the lawyer breached a duty to the bank, the conclusion does not follow. Rakestraw is a lawsuit by the principal against the agent. Navrides is a lawsuit between the principal and the third party. This distinction is drawn in Pacific Vinegar & Pickle Works v. Smith, 152 Cal. 507, 511 (1907).
 
 
 8
 The claim by the Bank against Shell is between the principal and the third party, like Navrides. Rakestraw does not apply to such third party claims. The Bank cannot take advantage of the lawyer's settlement on the amount with Shell, without Shell avoiding further liability by having disbursed the settlement money as the settlement agreement said. That is what Navrides decided. "[A] principal is not allowed to ratify the unauthorized acts of an agent to the extent that they are beneficial, and disavow them to the extent they are damaging. If a principal ratifies part of a transaction, he is deemed to ratify the whole of it." Navrides, 97 Cal.Rptr. at 313. In Navrides, the lawyer lied about whether the client had authorized the settlement, forged his client's endorsement and stole the settlement money from her, but the tortfeasor still avoided liability by paying in accord with the settlement, because the client later sued on the settlement agreement, thereby ratifying it. The settlement agreement in the case at bar specifically provided for payment of the proceeds to the Reuters. The Bank cannot sue to take advantage of the deal the lawyer negotiated with Shell, yet disavow ratification of this provision.
 
 
 9
 Finally, the Bank argues that a genuine issue of fact exists as to whether Shell is exonerated from liability, because Shell knew of the Bank's interest under the assignment, yet disbursed the money to Reuters and their lawyers. But that is what the settlement said Shell should do, and by suing for the settlement proceeds, the Bank is stuck with the terms of the settlement, under Navrides. See Navrides, 97 Cal.Rptr. at 312-13.
 
 
 10
 B. The Denial of the Law Offices' Motion for Summary Judgment.
 
 
 11
 The district court denied the Law Offices' summary judgment motion on the ground that there were genuine issues of material fact. We agree.
 
 
 12
 As between the lawyer and the Bank, this was a claim by a principal against its agent, like Rakestraw, not a claim by a principal against a third party, like Navrides. Where a principal ratifies an agent's acts solely in order to minimize losses caused by the agent's wrongful act, the agent may not necessarily be relieved of liability to the principal. Rakestraw, 104 Cal.Rptr. at 61; Pacific Vinegar, 152 Cal. at 511. The Bank established a triable issue of fact at least as to whether the ratification was within the class which binds the principal to the third party but does not excuse the agent, under Rakestraw and Pacific Vinegar. We do not, by this statement, mean to preclude the district court from determining that there are other genuine issues of fact as well, or that the issue is somewhat narrower than our statement.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3